**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GLOBE WIRELESS, INC.,**

        **Plaintiff,**

-vs-                                        Case No. 6:07-cv-1018-Orl-31UAM

**JEFFERSON PILOT FINANCIAL**
**INSURANCE COMPANY,**

        **Defendant.**

_____

# ORDER

This matter comes before the Court on the motion to dismiss (Doc. 15) filed by the Defendant, Jefferson Pilot Financial Insurance Company ("Jefferson Pilot"), and the response (Doc. 18) filed by the Plaintiff, Globe Wireless, Inc. ("Globe Wireless").

## I.  Background

This is an ERISA case. Globe Wireless is the sponsor of a group life insurance policy (the "Policy") issued by Jefferson Pilot. A Globe Wireless employee, Errol Black, suffered a heart attack in July, 2006, just days before the Policy's death benefit increased from $250,000 to $400,000. Several weeks later, Black died, apparently without having returned to work in the interim. Jefferson Pilot contends that when the benefit increased, Black was not "Actively at Work" as that term is defined in the Policy, and therefore his beneficiary is only entitled to the lesser amount. Globe Wireless, as a plan fiduciary, challenges Jefferson Pilot's interpretation of the Policy.

**II.     Legal Standard**

    **A.  Motions to Dismiss**

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).  In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant

**II.     Legal Standard**

    **A.  Motions to Dismiss**

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).  In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant

be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).

### B. ERISA enforcement

ERISA section 1132(a) ("Civil enforcement") provides that

> A civil action may be brought –
> . . .
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3). The relief obtainable under 29 U.S.C. § 1132(a)(3) does not extend to *all* forms of relief a court of equity is empowered to provide – which could include legal remedies that would otherwise be beyond the scope of the equity court's authority – because such a reading would not limit the forms of relief available at all. *Mertens v. Hewitt Associates*,. 248, 257-58 (1993). The term "equitable relief" in 29 U.S.C. § 1132(a)(3) "must refer to those categories of relief that were *typically* available in equity." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (emphasis in original, internal citation and quotation omitted). "A claim for money due and owing under a contract is 'quintessentially an action at law." *Id.* (quoting *Wal-Mart Stores, Inc. v. Wells*, 213 F.3d 398, 401 (7th Cir. 2000)).

### III. Analysis

Jefferson Pilot challenges Globe Wireless's status as a fiduciary entitled to bring suit under 29 U.S.C. § 1132(a)(3) and argues that Black's beneficiary is an indispensable party whose absence requires dismissal. Because the Court finds that Globe Wireless has failed to adequately state a claim, it is not necessary to reach these two questions.

Globe Wireless contends that the relief it is seeking is equitable, rather than legal, and therefore falls within the parameters of 29 U.S.C. § 1132(a)(3).  Specifically, Globe Wireless claims that it is not seeking monetary relief from Jefferson Pilot for itself or for Black's beneficiary and is, instead, simply challenging Jefferson Pilot's interpretation of the Policy – specifically, of the term "Actively at Work" – and seeking "an Order enforcing the terms of the Plan."  (Doc. 21 at 5).  Globe Wireless portrays itself as a fiduciary that is "concern[ed] with respect to how Jefferson Pilot's wrongful interpretation has harmed a class of individuals" (Doc. 21 at 5), though Globe Wireless later admits that "the class harmed by Jefferson Pilot's wrongful interpretation is a class of one."  (Doc. 21 at 6).

Stripped of the legalistic wordplay, Globe Wireless is simply claiming that Jefferson Pilot breached the terms of the Policy[1] and is seeking an order requiring Jefferson Pilot to pay another $150,000 to Black's beneficiary.  This is an action for money due and owing under a contract,[2] a quintessential action at law, not a category of relief that was typically available at equity.  The fact that this suit has been brought by a purported fiduciary rather than the alleged beneficiary does not change its nature.

Although not precisely on point, the United States Court of Appeals for the Eleventh Circuit addressed a similar issue in *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520 (11th Cir. 1987).

---

[1] At paragraph 19 of the Amended Complaint, Globe Wireless asserts that "Defendant's refusal to pay the full $400,000 death benefit to [Black's beneficiary] is in direct violation of the terms of the Plan." (Doc. 12 at 5).

[2] More specifically, this is an action under 29 U.S.C. § 1132(a)(1)(B) – an action to recover benefits due under the terms of a plan – except that ERISA limits such actions to plan participants and beneficiaries, not fiduciaries.

In that case, an ERISA fiduciary filed a declaratory judgment action to determine its liability for severance benefits to a former employee. *Id.* at 1523.  The fiduciary argued that its suit was one for "other equitable relief" under 29 U.S.C. 1132(a)(3)(B).  *Id.*  After noting that declaratory judgment actions are statutory creations and neither inherently legal or equitable in nature, the *Arnold* court examined the "basic nature of the issues involved to determine how they would have arisen had Congress not enacted the Declaratory Judgment Act." *Id.* But for passage of the Declaratory Judgment Act, the Court found, the suit would have arisen as an action by the former employee to recover the claimed severance benefit – a legal, not equitable, action. *Id.*  Thus, the Court found that the declaratory judgment action was not a civil action seeking "equitable relief," as required by 29 U.S.C. §1132(a)(3)(B).

Although Globe Wireless does not explicitly rely on the Declaratory Judgment Act here, it is essentially seeking the same thing sought by the fiduciary in *Arnold* – a declaration as to how much is owed to a beneficiary  under the terms of an employee benefit plan.  At its heart, this is a legal action, not an equitable one, and may not be brought by a fiduciary under 29 U.S.C. § 1132(a)(3)(B).

**IV.     Conclusion**

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the motion to dismiss (Doc. 15) filed by the Defendant, Jefferson Pilot Financial Insurance Company, is **GRANTED**, and the Amended Complaint (Doc. 12) is **DISMISSED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 19, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party